UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD EL, #163990,

    Plaintiff,

v.           Case No. 14-cv-14957
             HONORABLE GERALD E. ROSEN

C/O ROBINSON, *et al.,*

    Defendants.

_____/

**OPINION AND ORDER**
**DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND**
**SUMMARILY DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

  Plaintiff Reginald El, also known as Reginald Miles and Sheik Hasan El,[1] is

a state prisoner presently confined at the Macomb Correctional Facility in New

Haven, Michigan.  He recently filed a *pro se* civil complaint against several state

officials, including Michigan Governor Rick Snyder, and various individuals

associated with the Michigan Department of Corrections.  For the reasons that

follow, the complaint will be summarily DISMISSED without prejudice.

**I.  Background**

  Plaintiff's complaint is largely unintelligible, but it appears to allege, among

other things, that defendant Robinson falsely charged Plaintiff with prison

_____

   [1]*See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber
=163990.

misconduct for possessing a weapon (a padlock attached to a rope).  Exhibits to the complaint indicate that Plaintiff was found guilty of the charge on December 16, 2014, and punished with ten days of detention and thirty days loss of privileges. Plaintiff contends that the charge was retaliation for Plaintiff's threat to file a grievance against Robinson.  He seeks a one-man grand jury and a criminal investigation into obstruction of justice, retaliation, falsification of documents, and violations of his constitutional rights.

## II.  Analysis

Plaintiff did not prepay the filing fee for this action, and under the "three strikes" provision of the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of plaintiff's litigation history in federal court reveals that three of his previous cases were dismissed as frivolous or for failure to state a claim.  *See Miles El v. United States, et al*., No. 2:06-cv-264 (W.D. Mich. June 4, 2007); *Miles El v. MDOC, et al.,* No. 2:97-cv-39 (W.D. Mich. Aug. 4, 1997); and *Miles El v.*

*McGinnis*, No. 2:97-cv-52 (W.D. Mich. Aug. 1, 1997).   Furthermore, Plaintiff has

previously been warned that he has three "strikes" and that he may not proceed

without prepayment of the filing fee for his complaints.   *See* "Order Denying

Leave to Proceed *In Forma Pauperis* - Three Strikes," *Miles El v. Holder, et al.*,

No. 2:10-cv-258 (W.D. Mich. Oct. 13, 2010).   Consequently, Plaintiff may not

proceed without prepayment of the filing fee for this action unless he is in

"imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

> [T]o allege sufficiently imminent danger, . . . "the threat or prison
> condition must be real and proximate and the danger of serious
> physical injury must exist at the time the complaint is filed." *Ritter v.
> Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008) (internal quotation
> marks omitted).  "Thus a prisoner's assertion that he or she faced
> danger in the past is insufficient to invoke the exception." *Id.* at
> 797–98; *see also Taylor [v. First Medical Management*, 508 Fed.
> Appx. 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are
> insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed.
> Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not
> satisfy the 'imminent danger' exception."); *cf. Pointer [v. Wilkinson*,
> 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is
> insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, . . . the allegations must
> be sufficient to allow a court to draw reasonable inferences that the
> danger exists.  To that end, "district courts may deny a prisoner leave
> to proceed pursuant to § 1915(g) when the prisoner's claims of
> imminent danger are conclusory or ridiculous, or are clearly baseless
> (i.e. are fantastic or delusional and rise to the level of irrational or
> wholly incredible)." *Rittner*, 290 Fed. Appx. at 798 (internal
> quotation marks and citations omitted); *see also Taylor*, 508 Fed.
> Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly
> baseless are also insufficient for purposes of the imminent-danger

exception.").

*Vandiver v. Prison Health Services, Inc*., 727 F.3d 580, 585 (6th Cir. 2013).

Plaintiff has not alleged that he was in imminent danger of serious physical injury when he filed his complaint. Although he does allege that defendant Robinson attacked him with the same type of weapon that he (Plaintiff) was charged with possessing, he has not shown that a real and proximate danger of serious physical injury existed at the time he filed his complaint. Additionally, the allegation about Robinson attacking Plaintiff is conclusory, as Plaintiff has not alleged any facts in support of this claim. As such, Plaintiff has failed to establish that his complaint falls within the exception to § 1915(g).

Accordingly,

IT IS ORDERED THAT Plaintiff may not proceed without prepayment of the filing fee for this action.

IT IS FURTHER ORDERED THAT Plaintiff's complaint is summarily DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). In addition, an appeal from this order would be frivolous and, therefore, could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 29, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

5